UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH PHILLIPS and DENISE DIANE
PHILLIPS,                                              Case No. 10-12959

        Plaintiffs,                                Honorable John Corbett O'Meara

v.

BAC HOME LOANS SERVICING, LP, f/k/a
COUNTRYWIDE MORTGAGE, INC., and
FIRST UNIVERSAL LENDING, INC.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING**
**BAC'S JANUARY 15, 2011 MOTION TO DISMISS**

This matter came before the court on defendant BAC Home Loans Servicing's January 15, 2011 motion to dismiss. Plaintiffs Keith and Denise Diane Phillips filed a response January 31, 2011; and BAC filed a reply February 11, 2011. Pursuant to LR 7.1(e)(2), no oral argument was heard.

**BACKGROUND FACTS**

Plaintiffs obtained a mortgage from non-party Mortgage Amenities Corporation in 2005. By early 2009, Plaintiffs failed to make the required payments on their loan. Plaintiffs allege that they retained defendant First Universal Lending to assist them in applying for a loan modification from defendant BAC Home Loans, formerly known as Countrywide Home Loans, the servicer for Plaintiffs' loan.

Plaintiffs allege that First Universal Lending did nothing to help them, and the loan remained in default. BAC then initiated foreclosure proceedings and purchased the subject property at a

sheriff's sale on April 8, 2009. The redemption period has expired, and Plaintiffs now seek to avoid eviction.

Plaintiffs filed this action against BAC and First Universal Lending for violation of the Michigan Consumer Protection Act; fraudulent and negligent misrepresentation; violation of the Credit Repair Organizations Act; and violation of Michigan's Mortgage Brokers, Lenders and Servicers Licensing Act. In their response brief, Plaintiffs abandoned all of their claims except that for fraud. Plaintiffs' resp. br. at 1-2.

## LAW AND ANALYSIS

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, claims for fraud must be stated with particularity. Coffey v. Foamex, L.P., 2 F.3d 157, 161-62 (6th Cir. 1993). Conclusory allegations do not satisfy the requirement. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 491 (6th Cir. 1990). Instead, plaintiffs must fulfill the following requirements: 1) specify the statements they contend were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent. Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008).

In this case, Plaintiffs made only the following allegations with respect to their fraud claim:

20. Defendants entered into the transactions described above with the intent to defraud Plaintiffs.

21. It intentionally and/or negligently misrepresented the terms and consequences of the transactions, and Plaintiffs reasonably relied on its misrepresentations.

22. Defendants negligently misrepresented to Plaintiffs their options to remedy the foreclosure on their house.

23. Plaintiffs were harmed by the misrepresentations and acts as set forth above.

Compl. at ¶¶ 20-23.

2

Plaintiffs failed to allege the following: 1) *what* false misrepresentations were made; 2) *who* made the allegedly fraudulent statements; 3) *where and when* the statements were made; and 4) *why* the statements were fraudulent. On this basis alone, defendant BAC is entitled to dismissal.

Moreover, opinions are not actionable as fraud. <u>Van Tassel v. McDonald Corp.</u>, 159 Mich. App. 745, 750 (1987) ("[a]n action for fraud may not be predicated upon the expression of an opinion or salesman's talk in promoting a sale, referred to as puffing"). In this case, Plaintiffs allege that defendant BAC misrepresented Plaintiffs' "options to remedy the foreclosure of their house." Compl. at ¶ 22. Those allegations represent opinions that are not actionable. Finally, Plaintiffs have failed to plead, other than in an unacceptably conclusory fashion, that they acted with reasonable reliance on any statements allegedly made by defendant BAC.

## <u>ORDER</u>

It is hereby **ORDERED** that defendant BAC's January 5, 2011 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: March 9, 2011


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 9, 2011, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

3